IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAAC JACKSON, )
)
    Plaintiff, )
)
vs. ) Case No. 18−cv–1414−JPG
)
JACKSON COUNTY JAIL, and )
UNITED STATES MARSHALS SERVICE )
)
    Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Isaac Jackson, an inmate in Federal Correctional Institution Memphis, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly happened while he was in the custody of the United States Marshals Service ("USMS") at the Jackson County Jail. Plaintiff requests declarative relief and damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

While normally the Court would proceed to examine the merits of the claims, in this case neither named Defendants is a suable entity, and so the Court will dismiss the Complaint without prejudice.

Plaintiff has named the Jackson County Jail as a Defendant. Under Federal Rule of Civil Procedure 17(b), a defendant named in a law-suit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 3d Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D. Ill. 1992); *see West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County

police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1. Therefore the Jackson County Jail will be dismissed with prejudice as a Defendant.

Likewise, the USMS is not a suable entity. *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity."); *see Taylor v. United States*, 1:14-cv-0481-TWP-DML 2014 WL 4987984 at *2; *Gaines v. U.S. Marshals Service*, 291 F. App'x 134, 135 (10th Cir. 2008); *Vaccaro v. United States*, 125 F.3d 852 (mem) 1997 WL 5574977 at * 1 (5th Cir. 1997).

As Plaintiff has only named defendants immune from suit in his lawsuit, it must be dismissed. It is possible that the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA") would provide Plaintiff an avenue to relief. Plaintiff is therefore granted leave to submit an Amended Complaint via that statute, assuming he has complied with the strict exhaustion requirements and statute of limitations.

### Disposition

**IT IS HEREBY ORDERED** that Defendants are **DISMISSED with prejudice** because they are not suable entities. The Complaint is **DISMISSED without prejudice** for failure to name a proper defendant.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, naming a proper defendant (on or before **September 21, 2018**). An amended complaint supersedes and replaces the original complaint, rendering the

original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: August 24, 2018**

s/J. Phil Gilbert
**U.S. District Judge**