IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ISAAC JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1414−JPG |
| | ) | |
| KERSTEN, | ) | |
| CRALLEY, | ) | |
| HINES, | ) | |
| GLADSON, | ) | |
| LYNN STAH, | ) | |
| PETE KELL, | ) | |
| WHITBACK, | ) | |
| KUPFERER, | ) | |
| DARRYL FORTE | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Isaac Jackson, an inmate in Federal Correctional Institution Memphis, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for events that allegedly happened while he was in the custody of the United States Marshals Service ("USMS") at the Jackson County Jail. Plaintiff requests declarative relief and damages.

This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

>    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>       (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>       (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Amended Complaint

The Court originally dismissed the Complaint for failure to name a proper defendant. (Doc. 3). Plaintiff submitted an Amended Complaint naming new defendants on September 17, 2018. (Doc. 5).

Plaintiff alleges that, while being held at the Jackson County Jail at the behest of United States Marshal Pete Kell, he suffered from excruciating pain due to negligence. (Doc. 5, pp. 1-2). Jackson County Jail officials took plaintiff to see Mazhar M. Butt, a dentist practicing in the

Carbondale area. *Id*. Plaintiff alleges that Jackson County Jail staff belatedly realized that Plaintiff was in need of oral surgery to extract teeth 15, 16, and 20. (Doc. 5, p. 2). When Plaintiff's teeth were removed, the anteroposterior floor of his sinus was also removed. *Id*.

Plaintiff alleges that the dentist he was taken to see was not certified in the type of maxillofacial procedure that he performed. *Id*. Plaintiff did not consent to the procedure, and could not have because he was rendered incapable of speech due to the amount of pain he was in. *Id*. Plaintiff alleges that his mouth should have been sewn up after the procedure, but instead it was left opened from August 28, 2017 to September 15, 2017, causing cysts to form. (Doc. 5, p. 3).

Plaintiff also alleges that his artery was severed as a result of negligence. *Id*. Plaintiff generally alleges that all Defendants were grossly negligent. (Doc. 5, p. 4).

Plaintiff attached several exhibits to his Complaint, including a certificate of merit pursuant to Illinois state law from Sharon Szeszycki opining that the oral surgery performed on Plaintiff on August 26, 2015 was negligent. (Doc. 5, pp. 7-8). Plaintiff also included a letter from the USMS demanding reimbursement from Plaintiff for medical costs expended by the Marshals Service as a result of an incident on August 26, 2015. (Doc. 5, p. 9). Jackson County records show that Plaintiff filed a state-law action against Butt on November 1, 2016 while represented by counsel. *Jackson v. Butt*, 2016 L 110 (Jackson County September 27, 2017). Moreover, this Court's records show that Plaintiff was sentenced to 151 months' imprisonment in the Federal Bureau of Prison's custody on December 10, 2015. *United States v. Jackson*, 15-cv-40032-SMY-1 (S.D. Ill. Dec. 10, 2015).

## Discussion

Plaintiff's Amended Complaint must be dismissed with prejudice at this time. As an initial matter, it is not clear what statute Plaintiff proceeds under, as he has named both state and federal employees. However, neither § 1983 (state defendants) nor *Bivens* (federal defendants), allows a plaintiff to recover for negligence. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Therefore, Plaintiff's negligence claims under § 1983 against the state law defendants must be dismissed.

Similarly, Plaintiff cannot bring a claim against individual U.S. Marshals or their employees for negligence. *Schweiker v. Chilicky*, 487 U.S. 412, 447 (1988) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)); *See also Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992) (The Federal Tort Claims Act, 28 U.S.C. § 2679, is the sole remedy for actions against the United States for the negligent or wrongful act or omission of any employee of the government.).

Moreover, even if Plaintiff could proceed under a negligence theory of recovery, his exhibits show that his Amended Complaint is clearly time-barred. "The limitations period for § 1983 claims is based in state law, and the statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889(7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Likewise, claims brought pursuant to *Bivens* adopt the statute of limitations in the state where the claim arose, meaning Illinois' two year statute also applies. *Delgado-Bruent v. Clark*, 93 F.3d

339, 342 (7th Cir. 1996). The date that the claim accrues and starts the limitations period running is a matter of federal law, and "generally occurs when a plaintiff knows the fact and the cause of an injury." *Id.* (citing *Moore*, 771 F.3d at 447; *Wallace*, 549 U.S. at 388).

Plaintiff alleges that the incidents giving rise to his claims happened in 2017. But Plaintiff attached exhibits to the Complaint in support of his claims that state that Butt performed oral surgery on Plaintiff on August 26, 2015, two years before the time frame alleged in the Complaint. In certain circumstances, a court may consider exhibits attached to the complaint, although the court must consider why the plaintiff attached the documents, the author of the documents, and their alleged reliability. *Otis v. Demarasse*, 886 F.3d 639,647-48 (7th Cir. 2018). It is possible for a plaintiff to plead himself out of court by including exhibits to the complaint that show he is not entitled to the relief he seeks when it is clear that the plaintiff relies on the contents of those documents to support his claims. *Id.* (dismissal inappropriate where plaintiff had previously characterized police report as "lies" and defendant authored report); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Centers v. Centennial Mortg. Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). *But see Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013)("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence.").

Here, Plaintiff attached the expert's report in support of his contention that "all herein named defendants, are in fact, negligent as well as culpably responsible as follows: Please see Exhibit (A): IDEW Numbers 1)-16)." (Doc. 5, p. 4). Paragraph 1 of that exhibits states that the date of treatment was 8/26/15. The exhibit also discusses the allegedly negligent extraction of teeth 15, 16, and 20 by Butt, the same chain of events at issue here. True, Plaintiff did not name Butt in this lawsuit, but the claims arise out of Defendants' role in procuring care from Butt.

Plaintiff did not make any allegations regarding the veracity of this exhibit, and it appears to have been created on his behalf for use in a lawsuit against Butt.[1] As it appears that Plaintiff attached this exhibit in direct support of his claims and that it was authored by an expert working on his behalf, the Court finds it may consider the factual content of the exhibit. Accordingly, the exhibit's assertion that the subject events happened in 2015 trumps the Amended Complaint's statements to the contrary.

Even without the exhibits, there are plenty of public records that suggest that the events happened in 2015. The Court may take notice of public records, like court documents. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 960 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). For example, Plaintiff's state law case alleging negligence against Butt was filed in 2016. Moreover, this Court's own records show that Plaintiff was removed from the Marshal's custody and placed in the custody of the Federal Bureau of Prisons in late 2015. Taken together, the fact that Plaintiff was already complaining of Butt's care in 2016, and that he was no longer in the Marshal's custody at that time suggest that the events of the Amended Complaint took place prior to 2017. Accordingly, for all of the above reasons, the Court will assume that the relevant event took place on August 26, 2015.

This means that Plaintiff would have had to file suit no later than August 26, 2017. He missed that deadline by more than 10 months. Therefore, it is appropriate to dismiss this case with prejudice as barred by the statute of limitations.

## Disposition

---

[1] Plaintiff failed to disclose his prior litigation history, which is sanctionable conduct. *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011).

**IT IS HEREBY ORDERED** that this case is dismissed with prejudice on statute of limitations grounds and for failure to state a claim upon which relief can be granted. This shall not count as a strike under 28 U.S.C. § 1915(g). Plaintiff's pending motion is denied as moot. (Doc. 7). The Clerk of Court is directed to close this case and enter judgment.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: October 24, 2018**

s/J. Phil Gilbert<br>
**U.S. District Judge**